UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-2407-KK | Date: | September 22, 2017 |

Title: *Sarah D. Stouffer v. Carolyn W. Colvin*

---

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed For Failure to Prosecute and Comply With Court Orders

On November 21, 2016, Plaintiff Sarah D. Stouffer ("Plaintiff") filed a Complaint challenging the denial of her application for Disability Insurance Benefits and Title XVI Supplemental Security Income by the Commissioner of the Social Security Administration ("Defendant"). ECF Docket No. ("Dkt.") 1.

On November 23, 2016, the Court issued a Case Management Order ("CMO") setting various dates, including the date by which the parties were to file their Joint Stipulation. Dkt. 10.

On June 14, 2017, the parties filed a Stipulation for Extension of Time in which they agreed to file their Joint Stipulation on or before August 22, 2017. Dkt. 18. On June 15, 2017, the Court approved the Stipulation for Extension of Time and ordered the Joint Stipulation due on or before August 22, 2017. Dkt. 19.

On July 19, 2017, the parties filed a second Stipulation for Extension of Time in which they agreed to file their Joint Stipulation on or before September 21, 2017. Dkt. 20. On July 20, 2017, the Court approved the Stipulation for Extension of Time and ordered the Joint Stipulation due on or before September 21, 2017. Dkt. 21.

As of the date of this Order, the parties have not filed a Joint Stipulation per the Court's most recent order, and neither party has requested an extension of time to do so.

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action with prejudice for failure to prosecute or failure to comply with any court order.  See Fed. R. Civ. P. 41(b).

Here, the parties have failed to file a Joint Stipulation as ordered by the Court's July 20, 2017 Order.  Consequently, under Rule 41(b), the Court may properly dismiss the instant action with prejudice for failure to prosecute and comply with a court order.  However, before dismissing this action, the Court will afford Plaintiff an opportunity to explain the failure to file a Joint Stipulation.

## III.
## ORDER

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with court orders.  Plaintiff shall have up to and including **October 6, 2017**, to respond to this Order.  **Plaintiff is cautioned that failure to timely file a response to this Order will be deemed by the Court consent to the dismissal of this action with prejudice.**

**IT IS SO ORDERED.**