UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH D. STOUFFER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 16-2407-KK<br><br><br>MEMORANDUM AND ORDER |

Plaintiff Sarah D. Stouffer ("Plaintiff") filed a Complaint seeking review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying her applications for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income Benefits ("SSI"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED, and this action is REMANDED for further proceedings consistent with this Order.

///

///

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill as Defendant in the instant case.

# I.

# **FACTUAL AND PROCEDURAL BACKGROUND**

On November 5, 2012, Plaintiff filed an application for SSI, alleging a disability onset date of November 7, 2010. Administrative Record ("AR") at 162-67. On December 31, 2012, Plaintiff filed an application for DIB, alleging the same disability date. Id. at 168-71. Plaintiff alleges disability based on Dyslexia; Obsessive Compulsive Disorder; Anxiety; and Depression. Id. at 45, 68, 76, 86, 94, 106, 113, 119. Plaintiff's applications were denied initially on May 6, 2013 and upon reconsideration on November 9, 2013. Id. at 68-103.

On December 9, 2013, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 126. On March 10, 2015, Plaintiff appeared with counsel and testified at a hearing before the assigned ALJ. Id. at 41-62. A vocational expert ("VE") also testified at the hearing. Id. at 62-66. On April 20, 2015, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. Id. at 13-24.

On June 18, 2015, Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision. Id. at 8-12.

On September 29, 2016, the Appeal's Council issued an order stating that it had received additional evidence and had made it a part of the record. AR at 6. Specifically, the Appeals Council stated it had received a "Mental Residual Functional Capacity Assessment from Daniel L. Watson, Ph.D., dated August 4, 2015, pages 8" (Exhibit 6F), "Medical Records from Orange Psychiatric Medical Group, dated August 19, 2014-April 2, 2015, pages 16" (Exhibit 7F), and "Medical Records from Daniel L. Watson, Ph.D., dated July 24, 2014-August 4, 2015, pages 14" (Exhibit 8F). Id. at 6. The Appeals Council denied Plaintiff's request for review finding "this information does not provide a basis for changing the [ALJ]'s decision." Id. at 2.

On November 21, 2016, Plaintiff filed the instant action challenging the final decision of the Commissioner denying her applications for DIB and SSI. ECF Docket No. ("Dkt.") 1, Compl. This matter is before the Court on the Parties' Joint Stipulation ("JS"), filed on October 3, 2017. Dkt. 26, JS.

## II.

## **STANDARD FOR EVALUATING DISABILITY**

To qualify for DIB or SSI, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[2]

---

[2] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for her verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

3

4. Is the claimant capable of performing work she has done in the past?  If so, the claimant is found not disabled.  If not, proceed to step five.
5. Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-54.  Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry.  Id. at 954.  If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

### III.
### THE ALJ'S DECISION

**A.  STEP ONE**

At step one, the ALJ found Plaintiff has not engaged "in substantial gainful activity since . . . the alleged onset date."  AR at 18.

**B.  STEP TWO**

At step two, the ALJ found Plaintiff "ha[d] the following severe impairments: anxiety disorder and depression (20 CFR 416.920(c) and 416.920(c))."  Id.

**C.  STEP THREE**

At step three, the ALJ found Plaintiff does "not have an impairment or combination of impairments that meets or medically equals the severity of one of

4

the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Id. at 19.

### D. RFC DETERMINATION

The ALJ found Plaintiff had the following RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to no work with the public unless the job only requires superficial public contact. Lastly, she is precluded from any work with or in large crowds.

Id. at 20-21.

### E. STEP FOUR

At step four, the ALJ found Plaintiff "has no past relevant work." Id. at 22.

### F. STEP FIVE

At step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Id. at 23.

## IV.
## PLAINTIFF'S CLAIMS

Plaintiff presents two disputed issues:

1. Whether the ALJ's decision was supported by substantial evidence in light of Dr. Watson's medical source statement received into the record by the Appeal's Council on September 29, 2016 (AR at Exhibit 6F).
2. Whether the ALJ properly considered the opinion of Kara Cross, Ph.D.

## V.
## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based

on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720; see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) ("[A] reviewing court . . . may not affirm simply by isolating a 'specific quantum of supporting evidence.'"). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at 885.

## VI.
## DISCUSSION

### A.   APPLICABLE LAW

Pursuant to 20 C.F.R. § 404.970(b) (2016), "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision. The

6

Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the [ALJ's] hearing decision. It will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." Id.[3] Therefore, the Appeals Council *must* consider additional evidence that is new, material, and relates to the period on or before the date of the ALJ's decision. Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1233 (9th Cir. 2011). New evidence is material if it bears "directly and substantially on the matter in dispute." Luna v. Astrue, 623 F.3d 1032, 1034 (9th Cir. 2010) (quoting Booz v. Sec'y of Health Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984)).

In addition, the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). However, the "good cause requirement is often liberally applied." Burton v. Heckler, 724 F.2d 1415, 1417-18 (9th Cir. 1984) (finding good cause was satisfied in a disability benefits termination proceeding where the "new evidence surfaced after the Secretary's final decision and therefore could not have been presented at the termination hearing."). To be material under 42 U.S.C. § 405(g), the plaintiff must additionally "demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001) (citing Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380–81 (9th Cir. 1983)).

///

---

[3] Effective January 17, 2017, after the Appeals Council denied review in this case, the regulations regarding when the Appeals Council is required to review new evidence were amended. Notably, the amendment includes a new requirement that the claimant "show good cause for not informing [the Appeals Council] about or submitting the evidence as described in § 404.935." 20 C.F.R. § 404.970(b)(2017).

**B.     ANALYSIS**

Here, remand to the ALJ is appropriate so that the ALJ can reconsider her decision in light of Dr. Watson's treatment of Plaintiff.  Dr. Watson's treatment of Plaintiff relates to the period before the date of the ALJ's decision, as Dr. Watson began treating Plaintiff in July 2014 and Dr. Watson authored the final report submitted to the Appeals Council less than four months after the ALJ's decision. Id. at 292-99, 317-31.  Therefore, Dr. Watson's report is new evidence that relates to the period before the ALJ decision.  In addition, while the reasons for not requesting a statement from Dr. Watson earlier are unknown, Dr. Watson's report was not available until after the ALJ's decision.  AR at 292-99, 317-31.  Therefore, the new evidence could not have been presented at the hearing before the ALJ. Hence, liberally applied, the good cause standard of 42 U.S.C. § 405(g) is met.  See Burton, 724 F.2d at 1417-18.

Dr. Watson's report is also material.  First, the ALJ noted that Plaintiff's mental health record was "very limited."  AR at 21.  Thus, any additional medical evidence would have had a substantial impact on the ALJ's consideration of Plaintiff's impairments.  This is especially true because Dr. Watson's report suggested Plaintiff suffered from serious mental impairments, whereas the ALJ found the existing evidence suggested only mild, if any, symptoms.  Id.  For example, Dr. Watson provided a detailed report finding Plaintiff suffered from schizoaffective disorder; had a GAF of 35; and had five extreme, one marked, and four moderate limitations.  Id. at 292, 296-97, 327.  All of these findings bear "directly and substantially" on the ALJ's RFC determination.  In contrast, the evidence before the ALJ consisted of brief treatment notes related to the maintenance of Plaintiff's medications, id. at 275-81, 283, 290-91; an examining physician's report detailing limited symptoms, finding Plaintiff suffered only from a generalized anxiety disorder, and assessing Plaintiff's GAF to be 60, id. at 285-89; and the conclusions of nonexamining agency physicians who relied heavily on the

8

examining physician's report because the record contained few treating source records, id. at 68-83, 86-101. Significantly, the ALJ concluded there was "no medical source statement that suggested functional limitations more restricted than those functional limitations included in the residual functional" assessed by the ALJ. Id. at 22. In light of the newly presented evidence from Dr. Watson, the ALJ's conclusion that there was no medical source statement suggesting more restricted functional limitations is no longer accurate.

Moreover, as Plaintiff's treating physician of over a year, Dr. Watson's opinion should "generally [be] afforded the greatest weight in disability cases." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). Despite being contradicted by the reports of the examining and nonexamining physicians, the ALJ could have rejected Dr. Watson's findings only for "specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); see also Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014). In the absence of sufficient reasons to reject Dr. Watson's opinions, the ALJ's RFC assessment necessarily would have been different. Therefore, Dr. Watson's treatment records are material because they bear directly and substantially on Plaintiff's mental limitations which are the basis of Plaintiff's RFC. Accordingly, there is a reasonable probability Dr. Watson's findings would have changed the outcome of the administrative hearing. See Mayes, 276 F.3d at 462.

In addition, Dr. Watson's report might have provided a clearer picture of Plaintiff's functioning through which the ALJ would have considered Plaintiff's subjective complaints of impairment. It appears the ALJ rejected Plaintiff's subjective complaints based largely on the mild symptoms reported in the record and the limited scope of the records as a whole. AR at 21-22. Here, because "there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," and there is no

evidence of malingering, the ALJ was required to "give 'specific, clear and convincing reasons' in order to reject the claimant's testimony about the severity of the symptoms." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). This analysis likely would have been different if the ALJ had the benefit of Dr. Watson's report.

Hence, the Court finds the Appeals Council erred in finding Dr. Watson's supplemental opinion did not provide a basis for changing the ALJ's decision. Because the opinion was material, the Appeals Council should have remanded the case to the ALJ for further development of the record. See Salazar v. Astrue, 859 F. Supp. 2d 1202, 1227 (D. Or. 2012). Moreover, remand is necessary because "there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012). In addition, because the Court orders this action remanded for the ALJ to consider the new evidence from Dr. Watson, it further orders the ALJ to reconsider the opinions of Kara Cross, Ph.D. that Plaintiff is limited to work with one or two step instructions and no complex or detailed instructions.

## VII.
## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that pursuant to sentence six of 42 U.S.C. § 405(g) this action is REMANDED for further proceedings consistent with this Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order on counsel for both parties.

Dated: October 27, 2017

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge